RIGGS (UNION BANK OF GEORGETOWN v.). See Case No. 14,361.

RIGGS, The MARY E. See Case No. 9,208.

RIGSBY (UNITED STATES v.). See Case No. 16,163.

RIKEMAN (FINCH v.). See Case No. 4,788.

———

## Case No. 11,833.

### In re RIKER.

[18 N. B. R. 393.] [1]

District Court, S. D. New York. Aug. 8, 1878.

BANKRUPTCY—PETITION—AMOUNT AND NUMBER OF PETITIONING CREDITORS—ENDORSER—NOTE.

1. A note for two hundred and fifty dollars, which falls due four days after the filing of the petition, is not a provable debt for two hundred and fifty dollars at the date of such filing.

2. An endorser of the bankrupt's papers who has, before the filing of the petition, become absolutely liable to the holders by due notice of

———

[1] [Reprinted by permission.]

its dishonor, is not a creditor of the bankrupt at the time of such filing.

3. On the objection that the petitioners in the original petition were insufficient in amount, a supplementary petition was filed by a creditor holding a claim exceeding two hundred and fifty dollars, and the debtor filed an admission that the petitioners in the two petitions constituted at least one-fourth of all his unsecured creditors whose provable claims equalled or exceeded two hundred and fifty dollars, and that the debts owing to said petitioners amounted in the aggregate to at least one-third of all the debts provable against him by that class of creditors. *Held*, insufficient to show that the requisite number and amount have joined; it is essential that the petitioning creditors whose debts equal or exceed two hundred and fifty dollars should be one-fourth of all that class of creditors.

[In the matter of George Riker, a bankrupt.]

Taylor & Fowler, for attaching creditors.

Francis E. Burrows, for petitioning creditors.

CHOATE, District Judge. On the nineteenth day of July, 1878, certain creditors of the alleged bankrupt filed a petition, in which they averred that their demands respectively exceeded two hundred and fifty dollars, and that they constituted one-fourth at least in the number of the unsecured creditors whose debts equalled or exceeded two hundred and fifty dollars, and that their demands amounted in the aggregate to at least one-third of all the debts provable. On the return day of the order to show cause, the debtor appeared and also a creditor who had procured an attachment, which will be avoided if an adjudication is made, being within four months of the filing of the petition. The creditor objects to an adjudication, on the ground that the petition is insufficient in the following particulars: (1) The demand of one of the petitioners, as set forth in the petition, is on a note for two hundred and fifty dollars, which fell due July 23, 1878, four days after the filing of the petition. The amount that can be proved on it is therefore the amount of the note, with a rebate of four days' interest. It is therefore not a demand for two hundred and fifty dollars. (2) Two of the notes, constituting parts of the demands set forth in the petition as the demands of two of the petitioning creditors, are notes made by the debtor and delivered to such petitioning creditors, and by them endorsed and delivered for value to third parties, who now hold the same. Prior to the filing of the petition, the petitioning creditors became liable absolutely to the holders by due notice of the dishonor of the notes. The amount of these notes is five hundred and fifteen dollars and thirty-nine cents. This objection being made, the petitioning creditors produce and file a supplemental petition by another creditor holding a demand amounting to sixteen hundred and eighty-four dollars and fifty-four cents. The debtor appears and files an admission

that the petitioners in the original and supplemental petitions constitute at least one-fourth of all his unsecured creditors holding provable claims equal to or exceeding two hundred and fifty dollars, and that the debts owing to said petitioners amount in the aggregate to at least one-third of all the debts provable against him by that class of creditors.

The objections taken to the petition are well founded. It is clear that under section 5067, Rev. St. U. S., the note for two hundred and fifty dollars, falling due July 23, was not on the 19th of July a provable debt for two hundred and fifty dollars, but for something less. It seems also that the two notes objected to were not demands due absolutely to the petitioning creditors, but on which, in case the holders should not prove, they could make proof under section 5070, in the creditor's name or otherwise. The holder is the creditor who, in the first instance, has exclusively the right to prove, and the liability of the maker to the endorser is only contingent in its nature, and his claim is only provable in a certain event which cannot happen till after the adjudication, viz. the neglect of the holder to prove. So far as these notes are concerned, therefore, the petitioning creditors were not creditors of the alleged bankrupt at the time of the filing of the petition.

These defects in the petition, however, furnish no reason for the dismissal of the petition, which appears to have been filed in good faith, especially as the debtor has appeared and does not object to an adjudication. The statute provides that if it shall appear that such number and amount have not so petitioned, the court shall grant such reasonable time, not exceeding ten days, within which other creditors may join. The supplemental petition is regular, and is properly filed; but both petitioners together, and the debtor's admission, do not show that the requisite number and amount of creditors have yet joined. The admission is insufficient, because it states that the number of petitioning creditors in said two petitions constitute one-fourth of all creditors whose debts equal or exceed two hundred and fifty dollars, whereas, it is essential that the petitioning creditors, whose debts equal or exceed two hundred and fifty dollars, should be one-fourth of all that class of creditors. The admission, fairly interpreted, means that the five petitioning creditors are one-fourth, at least, of all the creditors whose debts equal or exceed two hundred and fifty dollars, but, after excluding the note not held by the petitioning creditors, there are two of the petitioning creditors whose demands are less than two hundred and fifty dollars. So that there are but three petitioning creditors of that class, and there is no evidence that they constitute one-fourth of the class of creditors. If, in point of fact, the requisite number and amount have already joined, the

difficulty may be removed by an amendment of the petitions, or of the debtor's admission. If not, the petitioners should have time to make up the number.

Motion to dismiss denied. The petitioners to have ten days, within which other creditors may join, and to have leave to amend their petitions as they should be advised.